IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GAYLEN FANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03-CV-042 |
| ) | (JARVIS/SHIRLEY) |
| FRANKIE FLOIED, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to the provisions of 28 U.S.C. §636(b), the Rules of this Court, and by Order [Doc. 227] of the Honorable James H. Jarvis, United States District Judge, for disposition of Defendant Floied's Motion to Compel Testimony of Wayne Rich [Doc. 218]. The Court heard oral argument on this motion on February 14, 2006.

**I.    BACKGROUND**

This is a case involving the plaintiff's allegedly fraudulent sale of salt water damaged vehicles to purchasers in Tennessee. Special Agent Frankie Floied of the Tennessee Department of Safety, along with Special Agent Richard Poff of the FBI, investigated the sales of these vehicles. The United States Attorney's Office for the Eastern District of Tennessee initially investigated this matter for federal prosecution. Wayne Rich was one of the Assistant United States Attorneys ("AUSA") assigned to the case.

On March 7, 2005, the Tennessee Attorney General and Reporter sent a letter, in accordance with 28 C.F.R. § 16.21 *et seq.*, to the United States Attorney for the Eastern District of Tennessee requesting authorization to take the deposition of Wayne Rich. The letter sets forth the following areas of inquiry:

> 1. AUSA Rich's educational background and work history;
>
> 2. How AUSA Rich became involved in the investigation and prosecution and what he learned from that investigation;
>
> 3. The reason for declination of federal prosecution; whether AUSA Rich recommended to Special Agents Floied and Poff that they seek prosecution in the state system; and whether AUSA Rich indicated to these officers that he believed there to be probable cause to prosecute in state court;
>
> 4. That it is not unusual for federal prosecutors to work with state as well as federal agents and that AUSA Rich primarily dealt with Special Agent Poff;
>
> 5. That at no time did Special Agents Floied or Poff in any way indicate that this investigation or prosecution was being done for improper purposes; and
>
> 6. That District Attorney General McCown and Assistant District Attorney Ann Filer were not involved in, and did not in any way direct, the investigation of Mr. Fann relating to Mr. Fann's purchase of salt water cars in North Carolina and sale to unsuspecting victims in Tennessee.

[Doc. 219 Ex. 1]. On March 11, 2005, Assistant United States Attorney Pamela Steele responded to this letter via e-mail. In the e-mail, AUSA Steele indicated that the request was going to be denied on the grounds of the deliberative process privilege and the attorney-client privilege. [Doc. 219 Ex. 2].

On April 4, 2005, the Tennessee Attorney General sent a second letter, further explaining the areas of inquiry and why these areas were not protected by any privilege. [Doc. 219 Ex. 3]. On April 27, 2005, the United States sent a letter ("Touhy" letter) to former AUSA Rich, giving him permission to attend the deposition and limiting his testimony as follows:

> 1. You are not authorized to produce any records from any records developed and/or maintained by the United States Attorney's Office (USAO) since you are not the custodian of such records nor are such files are in your care, custody, or control. Moreover, such files would be subject to the attorney work product and other privileges.
>
> 2. You are further instructed that you are not authorized to testify about, disclose, or discuss conversations or written communications between you or any other USAO employee or any case agent, as such conversations are subject to the attorney-client, governmental deliberative process, and attorney work product privileges.
>
> 3. Unless an appropriate "Privacy Act" order is entered in this case, you are specifically not authorized to disclose any information subject to the Privacy Act.
>
> 4. You are authorized to testify briefly and in general terms about your employment history, duties, and scope of authority under federal statutes and Attorney General guidelines.
>
> 5. You are authorized to testify that, as an AUSA, you have had occasion to work with federal, state, and local law enforcement involved in joint investigations and/or task forces.
>
> In answering questions regarding these areas of inquiry, you may testify only about facts **personally known to you**. You **may not offer opinion testimony** of any type or go beyond the boundaries of this written authorization.

[Doc. 219 Ex. 4] (emphasis in original).

Mr. Rich's deposition was taken on June 28, 2005. During the deposition, Mr. Rich's attorney, AUSA Elizabeth Tonkin objected to any questions seeking information beyond the

3

authorization set forth in the government's Touhy letter of April 27, 2005. Additionally, Ms. Tonkin asserted that "any discussion of any ongoing investigation constitutes attorney work product and may be also subject to deliberative process and other law enforcement governmental privileges." [Doc. 220, Deposition of Wayne Rich ("Rich Dep.") at 13]. Mr. Rich was permitted to testify that the United States Attorney's Office declined prosecution of the plaintiff. [Id. at 45].

Defendant Floied seeks to elicit testimony from Mr. Rich regarding a conversation that Mr. Rich apparently had with Special Agents Poff and Floied regarding the declination of prosecution by the United States Attorney's Office. Floied contends that in that conversation, Mr. Rich recommended to Special Agents Poff and Floied that they go to State prosecutors in the counties where the purchasers resided and see if there were any prosecutable State offenses. Additionally, Floied seeks testimony regarding Mr. Rich's opinion as to Floied's reputation for truthfulness.

Defendant Floied argues that the testimony sought from Mr. Rich would not violate any privileges. Additionally, he contends that there is no reason to withhold such testimony on the basis of the Department of Justice's Touhy regulations, 28 C.F.R. § 16.21 *et seq.* Thus, he argues that he should be allowed to ask Mr. Rich about this one conversation and about Floied's reputation for truthfulness.

The government opposes Floied's motion, arguing (1) that the motion is procedurally defective in that Floied seeks to compel testimony beyond the scope of authorization granted by the USAO and in effect to obtain judicial review of the agency's action limiting such authorization without proceeding under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* ("APA"); (2) that even if Floied had properly filed suit under the APA, the government's limitation of former

4

AUSA Rich's authorization to testify was reasonable and not arbitrary or capricious; and (3) that the information sought is subject to attorney work product and deliberative process privileges. [Doc. 224].

In his reply [Doc. 225], Floied argues (1) that this motion to compel is procedurally proper; (2) that former AUSA Rich is a "person" subject to a subpoena pursuant to Fed. R. Civ. P. 45; and (3) that while most of the conversations that he had with former AUSA Rich are privileged, the particular statements which Floied requests be disclosed are not protected by any of the privileges asserted by the government.

II.     ANALYSIS

Pursuant to the federal "housekeeping statute," 5 U.S.C. § 301, a federal agency may enact procedures for responding to subpoenas and other requests for testimony. See COMSAT v. Nat'l Sci. Found., 190 F.3d 269, 272 n.3 (4th Cir. 1999). Specifically, section 301 authorizes the head of an agency to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. Such regulations, known as Touhy[1] regulations, "recognize[] the authority of agency heads to restrict testimony of their subordinates." Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 66, 69 (D.D.C. 1998) (quoting Boron Oil Co. v. Downie, 873 F.2d 67, 69 (4th Cir. 1989)).

The Department of Justice's Touhy regulations are set forth at 28 C.F.R. § 16.21 *et seq.* These regulations provide, in pertinent part, as follows:

---

[1] United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

> In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

28 C.F.R. § 16.22(a).

Defendant Floied, relying upon In re Bankers Trust Co., 61 F.3d 465 (6th Cir. 1995), cert. dismissed, 517 U.S. 1205 (1996), argues that the Sixth Circuit has held that section 301 does not empower federal agencies with the right to withhold information from a federal court.[2] Bankers Trust, however, is distinguishable because that case involved a litigant seeking to obtain *documents* from a federal agency, as opposed to a litigant, *i.e.* Floied, seeking to obtain *testimony* from a federal employee. As the D.C. Circuit has explained, section 301 does not empower a federal agency to limit the production of *documents* pursuant to a subpoena from a federal-court litigant:

> When a litigant seeks to obtain documents from a non-party federal governmental agency, the procedure varies depending on whether the underlying litigation is in federal or in state court. . . . [A] state-court litigant must request the documents from the federal agency pursuant to the agency's regulations . . . If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA.
>
> A federal-court litigant, on the other hand, can seek to obtain the production of documents from a federal agency by means of a federal subpoena. In federal court, the federal government has waived its

---

[2]Floied argued in his brief that another Sixth Circuit case supported his position as well. However, the case cited, Mak v. Fed. Bureau of Investigation, 252 F.3d 1089 (9th Cir. 2001), is in fact a decision of the Ninth Circuit, and Floied's counsel acknowledged this error at the hearing.

> sovereign immunity, see 5 U.S.C. § 702, and neither the Federal Housekeeping Statute nor the Touhy decision authorizes a federal agency to withhold documents from a federal court. Exxon Shipping [Co. v. United States Dep't of Interior, 34 F.3d 774, 777-78 (9th Cir. 1994)]. To the extent that the Comptroller's regulation, 12 C.F.R. § 4.19 (1995), may be to the contrary, it conflicts with Federal Rule of Civil Procedure 45 and exceeds the Comptroller's authority under the Housekeeping Statute. See In re Bankers Trust Co., 61 F.3d 465, 469-71 (6th Cir. 1995), cert. dismissed, 517 U.S. 1205, 116 S. Ct. 1711, 134 L. Ed. 2d 808 (1996). Accordingly, in past cases in which a federal-court litigant has come to federal district court in the District of Columbia to enforce a subpoena *duces tecum* against the Comptroller, this court has held that the district court owes no deference to the Comptroller in ruling on whether the documents are covered by the bank-examination privilege.

Houston Bus. Journal, Inc. v. Officer of Comptroller of Currency, 86 F.3d 1208, 1212 (D.C. Cir. 1998) (citations and footnotes omitted).

A federal litigant, however, may not obtain a subpoena *ad testificandum* against an employee of a federal agency that has enacted valid Touhy regulations. Id. at 1212 n.4; Bobreski v. United States Envtl. Prot. Agency, 284 F. Supp. 2d 67, 73 (D.D.C. 2003) ("Once an agency has enacted valid Touhy regulations, an agency employee cannot be forced to testify."). Where a litigant seeks to challenge a federal agency's limitation of an employee's *testimony*, "the litigant must proceed under the APA, and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard." Houston Bus. Journal, 86 F.3d at 1212 n.4; Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991). "When the government is not a party, the decision to permit employee testimony is committed to the agency's discretion. This compromise between public and private interests is necessary to conserve agency resources and to prevent the agency from becoming embroiled in private litigation." COMSAT, 190 F.3d at 279.

7

The Court agrees with the government that defendant Floied's motion to compel is procedurally defective in that Floied failed to seek appropriate APA review of the Department of Justice's decision to limit former AUSA Rich's testimony. "When the government is not a party, the APA provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas." COMSAT, 190 F.3d at 274.[3] Even if the Court viewed Floied's motion as one seeking APA review of the agency's decision, however, the Court cannot say that the United States Attorney acted arbitrarily or capriciously in setting the limitations on former AUSA Rich's testimony as set forth in the Touhy letter. The Court expressed concern during the hearing regarding the reasonableness of these limitations to the extent that it was unclear whether former AUSA Rich's alleged statements occurred after the United States Attorney's Office decided not to prosecute Mr. Fann. Defendant Floied's counsel conceded at the hearing, however, that former AUSA Rich's alleged statements must have occurred prior to the United States Attorney Office's decision not to prosecute Mr. Fann. Because the statements at issue (assuming that they occurred) were prior to a final agency decision not to prosecute Mr. Fann, and thus occurred during the deliberative process, the limitations and restrictions placed on former AUSA Rich's testimony were reasonable and appropriate.

---

[3]The D.C. Circuit has noted that "[i]t may also be possible for the litigant to bring an action in federal court for mandamus against the agency head." Houston Bus. Journal, 86 F.3d at 1212 n.5.

## III. CONCLUSION

For the foregoing reasons, Defendant Floied's Motion to Compel Testimony of Wayne Rich [Doc. 218] is **DENIED**.

**IT IS SO ORDERED.**

                                              **ENTER:**

                                                s/ C. Clifford Shirley, Jr.
                                                United States Magistrate Judge